**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3241-23

FOLEY, INCORPORATED,

    Plaintiff-Appellant,

v.

AMERESCO, INC.,

    Defendant-Respondent.

_____

> Argued March 11, 2025 – Decided March 25, 2025
>
> Before Judges Gooden Brown and Vanek.
>
> On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-5205-23.
>
> Andrew R. Turner (Turner Law Firm, LLC) argued the cause for appellant.
>
> Scott L. Wenzel (Yankwitt LLP) argued the cause for respondent.

PER CURIAM

    Plaintiff Foley, Inc. appeals from an amended trial court order dismissing its complaint without prejudice for failure to comply with contractual dispute

resolution procedures (DRP) before litigating and finding defendant Ameresco, Inc. is entitled to contractual attorney's fees. Based on our review of the record, we vacate and remand to the trial court for further proceedings.

I.

We discern the salient facts from the motion record before the trial court. Plaintiff, a New Jersey-based authorized Caterpillar dealer, commenced litigation against defendant seeking payment of a $198,066.38 retainage, plus interest, after it delivered a commercial generator set to Trinitas Regional Medical Center pursuant to a purchase order (the Purchase Order). The Purchase Order incorporated the terms and conditions set forth in written specifications (the Specifications).

Defendant moved to dismiss plaintiff's complaint under Rule 4:6-2(e), arguing plaintiff failed to comply with the DRP contained in Section 4.14 of the Specifications. Defendant also sought an award of contractual attorney's fees for plaintiff's non-compliance with the DRP. Defendant requested oral argument if the motion was opposed.

Defendant's motion relied on a certification signed by plaintiff's counsel appending the Purchase Order and Specifications, as well as various unpublished

cases for the court's consideration.  Defendant's motion was not accompanied by a factual certification.

Section 4.14 of the Specifications, titled "Governing Law and Dispute Resolution," mandates the parties comply with the following DPR before litigating:

> 4.14.1.  If, during the Term of this Agreement a claim, dispute or other matter in controversy ("Claim") arises concerning the Services or this Agreement, a representative from management of both Parties shall meet in person or by phone within ten business days after either Party gives the other Party written notice of the Claim (the "Dispute Notice").  The Dispute Notice shall set forth in reasonable detail the aggrieved party's position and its proposal for resolution of the Claim.  If the Claim is not resolved within [thirty] calendar days after the first meeting of the Parties, then the Parties shall endeavor to resolve the Claim by mediation.  A request for mediation shall be made in writing, delivered to the other Party and filed with the person or entity administering the mediation.  Except for requests for injunctive relief, mediation shall proceed in advance of any proceedings filed in a judicial forum, which shall not be commenced for a period of at least [sixty] days from the date the Dispute Notice was served . . . .
>
> 4.14.2.  If the parties do not resolve the Claim through informal dispute resolution or mediation, either Party is free to pursue any other available remedy in law or at equity.  The Dispute Notice is a condition precedent to each Party's right to resort to litigation, provided that during such time as the Parties are conferring, either party may petition a court of competent jurisdiction for injunctive relief . . . .

3

Section 4.14.2 also requires each party to pay the other's counsel fees in the event they initiate litigation prior to attempting to resolve through the DRP. Pursuant to Section 4.10.5, the Purchase Order and Specifications could only be modified through a writing signed by both parties.

Plaintiff opposed the motion with a certification from its Executive Vice President for Power Systems, Joseph Amabile, and appended emails showing plaintiff delivered the generator pursuant to the Purchase Order and Specifications, but the retainage was not paid. Amabile certified the parties attempted to resolve the dispute from October 2022 through August 10, 2023, with defendant's representative, Daniel Gardner, advising in a July 20 invoice that plaintiff's retainage invoice in the amount of $201,611.61 was not processed due to "a credit invoice stuck in the system." Amabile stated Gardner agreed to have the payment processed once plaintiff submitted a revised invoice deducting the credit from the retainage amount. In the same email, Gardner asked plaintiff to copy him "on the email when . . . accounting submits[,] and [he would] follow [through] the system." Plaintiff certified the revised invoice for $198,066.38, inclusive of all credits, was submitted but defendant failed to release the retainage.

The emails appended to Amabile's certification show that on August 10 Gardner emailed defendant and advised that the accounting group reviewed the purchase order and stated "there [would] be a bill back for the supervision and support costs incurred for the project commissioning delays due to the vibration issues in the end of 2021 totaling $32,624.86." The email chain reflects plaintiff's objection. There is no evidence mediation was requested or referenced by either party, at any time. Defendant did not submit a reply certification to the trial court.

Initially, the trial court granted defendant's motion in its entirety without oral argument or issuing a statement of reasons. The trial court's order dismissed plaintiff's complaint without prejudice "for failure of [p]laintiff to comply" with Section 4.14.1 of the Specifications and awarded defendant reasonable attorneys' fees and costs pursuant to Section 4.14.2. After the motion was granted, defense counsel sent a letter to plaintiff requesting $35,517.70 in fees and $352.33 in costs for the motion, without obtaining a fee award from the trial court.

Plaintiff appealed. The trial court then entered an amended order, in the same form as the prior order but appending a written statement of reasons. The trial court stated no oral argument was scheduled because plaintiff did not

submit substantive, meritorious opposition, and "no amount of oral argument could have changed the outcome." The trial court found the parties did not dispute the Purchase Order and Specifications constituted the contract between them and that there was an unambiguous contractual pre-suit mediation provision. The statement of reasons did not substantively address plaintiff's opposition, which detailed the parties' negotiations and alleged resolution of the retainage issue in the July 20 email exchange. Nor did the statement of reasons reference the standard the trial court applied to decide the motion.

## II.

### A.

Plaintiff argues the trial court erred in denying oral argument and granting defendant's motion predicated on a hearsay certification without considering plaintiff's opposition, which established the parties resolved the retainage issue. Defendant posits the parties did not resolve the contractual dispute and the trial court properly granted its motion without oral argument based on the submissions, contending remand is appropriate only for the trial court to decide the amount of attorney's fees to be awarded to defendant.

We address the parties' arguments in turn.

### B.

6

Our review of a trial court's decision on a motion to dismiss for failure to state a claim upon which the court can grant relief is de novo. Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021). We "search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary." Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957).

Our ability to resolve an appeal is largely dependent on the trial court's compliance with its Rule 1:7-4 obligation to "'state clearly [its] factual findings and correlate them with relevant legal conclusions, so that parties and the appellate courts [are] informed of the rationale underlying th[ose] conclusion[s].'" Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594-95 (App. Div. 2016) (alterations in original) (quoting Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986)); Curtis v. Finneran, 83 N.J. 563, 570 (1980) ("Naked conclusions do not satisfy the purpose of [Rule] 1:7-4."). Without a clear statement of reasons, "we are left to conjecture as to what the judge may have had in mind." Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990).

Under Rule 1:6-6, "[a]n affiant must aver that the facts presented are on personal knowledge, identify the source of such knowledge, and must properly

authenticate any certified copies of documents referred to therein and attached to the affidavit or certification." New Century Fin. Servs., Inc. v. Oughla, 437 N.J. Super. 299, 317-18 (App. Div. 2014) (citing Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 599-600 (App. Div. 2011)). Facts in an attorney's certification that are not predicated on personal knowledge are "gross hearsay and a clear violation of [Rule] 1:6-6." Cafferata v. Peyser, 251 N.J. Super. 256, 263 (App. Div. 1991); see also Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 1:6-6 (2024) ("[a]ffidavits by attorneys of facts not based on their personal knowledge but related to them by and within the primary knowledge of their clients constitute objectionable hearsay"); Gonzalez v. Ideal Tile Importing Co., Inc., 371 N.J. Super. 349, 358 (App. Div. 2004).

On an opposed civil motion that is not a pre-trial discovery motion or directly addressed to the calendar, oral argument must be granted as of right. See R. 1:6-2(d). Notwithstanding Rule 1:6-2(d), a trial court can dispense with a request for oral argument if the record sets forth "special or unusual circumstance[s]." Filippone v. Lee, 304 N.J. Super. 301, 306 (App. Div. 1997).

## C.

Since the trial court did not clearly set forth its findings of fact and conclusions of law for the entry of the amended order after considering oral

argument, we vacate and remand to the trial court for further proceedings consistent with this opinion. Based on the facts and circumstances of the case, we direct the Presiding Judge of the Civil Part to assign this case to a different judge on remand. The trial court's written statement of reasons lends itself to a perception that it might not fully consider the arguments of counsel and may be unduly committed to its initial decision on the motion. Graziano v. Grant, 326 N.J. Super. 328, 350 (App. Div. 1999) (stating the power to remand a case to a different trial judge "may be exercised when there is a concern that the trial judge has a potential commitment to [their] prior findings"); see also Freedman v. Freedman, 474 N.J. Super. 291, 308 (App. Div. 2023) (further citations omitted) (remanding a matter to a different trial judge as the same judge "may have a commitment to [their] prior findings").

On remand, the trial court shall hear oral argument[1] and decide the motion anew, issuing either a written or oral statement of reasons "stat[ing] clearly [its] factual findings and correlat[ing] them with relevant legal conclusions."

---

[1] Once plaintiff opposed the motion, the trial court lacked the authority under the court rules to decline oral argument based on its finding that plaintiff did not submit substantive, meritorious opposition and because "no amount of oral argument could have changed the outcome."

Avelino-Catabran, 445 N.J. Super. at 594-95 (quoting Monte, 212 N.J. Super. at 565). Since both parties submitted documents outside the pleadings, the statement of reasons shall address the standard governing the motion and reference whether the motion was converted to summary judgment pursuant to Rule 4:6-2(e). The trial court's statement of reasons shall also address whether movant established, by competent proofs in the record pursuant to Rule 1:6-6, that the DRP applies in light of plaintiff's certification from Amabile asserting the parties negotiated a resolution to release the retainage upon submission of a revised invoice reflecting the agreed-upon credit. The trial court shall also consider all other issues it may deem relevant on the motion.

Should the trial court deem an award of attorney's fees contractually required, plaintiff shall not be liable for payment of fees until the trial court engages in the required analysis under RPC 1.5 and prevailing law. See Rendine v. Pantzer, 141 N.J. 292, 335 (1995) (holding when calculating the amount of reasonable attorney's fees, courts must determine the lodestar, defined as "the number of hours reasonably expended multiplied by a reasonable hourly rate," while considering the factors set forth in RPC 1.5).

We decline to adjudicate the merits of the parties' claims or defenses further, since we "are left to conjecture as to what the judge may have had in

mind" and lack the ability to engage in meaningful appellate review on this record.  See R. 1:7-4; Salch, 240 N.J. Super. at 443; see also Est. of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 302 (App. Div. 2018) (noting that Rule 1:7-4's "requirements are unambiguous").

Any arguments not addressed in this decision are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Vacated and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M. C. Harley

Clerk of the Appellate Division

A-3241-23